

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assitant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1631
Re:  1.  Are all school busses of the
county considered part of
the county transportation
system and under the juris-
diction of the county super-
intendent and county board
of trustees?

2.  May school districts which
receive no transportation
aid employ bus drivers who
are related within the pro-
hibited degree to members of
the board of trustees of the
school district?

Your request for an opinion on the questions as are
herein stated has been received by this office.

Your letter reads in part as follows:

* * * *

"On September 15, 1936, the former Attorney
General, in regard to a problem of Nepotism, ruled
that the County Board of Trustees may appoint bus
drivers, who are related within the prohibited de-
gree to a member of the local board, although the
salary of the bus driver is paid from funds of the
local district.

"There has been some question in my mind just
how far-reaching this opinion should be.

Hon. T. M. Trimble - page 2

"Question 1. Are all the school busses of the county considered part of the county transportation system and under the jurisdiction of the county superintendent and county board of trustees?

"Question 2. May school districts, which receive no transportation aid, employ bus drivers who are related within the prohibited degree to members of the board of trustees of the school district?

"Question 3. May school districts which supplement transportation aid from the Equalization Fund employ bus drivers who are related within the prohibited degree to members of the board of trustees of the school district?"

Section 10 of H. B. No. 933, Acts of the Forty-sixth Legislature, reads as follows:

"The County Superintendent and County School Boards of the several counties of this State subject to approval of the State Director of Equalization in the Department of Education, are hereby authorized to set up the most ECONOMICAL system of transportation possible for the purpose of transporting both grade and high school pupils from their districts, and within their districts. The expense of such transportation shall be paid on the basis of budgetary need as indicated by approved State Aid application, out of the funds herein allocated for transportation aid, not to exceed Two Dollars ($2.00) per month per pupil for those attending the most convenient accredited high school and not more than One Dollar ($1.00) per month per pupil for those transported to elementary schools; provided that if there be no convenient accredited high school, that such pupil may obtain like aid under the provisions of this section when attending any near high school of higher classification than the sending district when designated by the County Board, provided that all school districts containing one hundred (100) square miles of territory or more may receive Two Dollars ($2.00) per month per pupil as transportation aid when there is a need shown therefor as provided herein and

Hon. T. M. Trimble - page 3

when same is recommedned by the Director of Equalization and approved by the Joint Legislative Advisory Committee. In no instance may aid be granted for pupils transported who attend a grade in another school which grade is taught in such pupil's home district. Aid shall not be granted under any provision of this Section unless the pupil so transported actually resides more than two and one-half (2½) miles from the school receiving such pupil. Provided further that only students eligible for transportation aid shall be permitted to ride school busses, and the County Board shall immediately discharge any operator of any school bus who permits any passenger other than the operator and the students eligible to receive transportation aid to ride said busses. Provided further that no transportation aid shall be paid to privately owned busses except when approved by the County Board of Education and the State Director of Equalization."

Section 27 of the above-mentioned bill reads as follows:

"All laws or parts of laws in conflict herewith are hereby repealed, and in the event any provision of this Act is declared unconstitutional or invalid by any court of competent jurisdiction, the remainder of this Act shall nevertheless remain in full force and effect."

Article 2687a, R. C. S., reads as follows:

"The trustees of any school district, common or independent, making provision for the transportation of pupils to and from school, shall for such purpose employ or contract with a responsible person or firm. No person shall be employed to transport pupils, who is not at least twenty-one years of age and a competent driver of motor vehicles and sound in body and mind. All motor vehicles operated by school districts, directly or by contract, in the transportation of pupils shall be covered and so glassed or curtained at the sides and rear as to protect the pupils from the inclemencies of the weather, and shall at all times be equipped with efficient lights and brakes. The drivers of all school transportation vehicles shall

Hon. T. M. Trimble - page 4

be required to give bond for such amount as the
Board of Trustees of the district may prescribe, not
less than $2,000.00, payable to the district, and
conditioned upon the faithful and careful discharge
of their duties for the protection of the pupils
under their charge and faithful performance of the
contract with (said) School Board; and they shall,
before crossing any railroad or interurban railway
tracks, bring their vehicles to a dead stop. Fail-
ure to stop before crossing such railway as pro-
vided herein shall forfeit the drivers contract and,
in case of accident to pupils or vehicles the bond
shall be forfeited and the amount and all right
thereunder shall be determined by a court of compe-
tent jurisdiction."

Articles 432, 433 and 435 of the Penal Code read as
follows:

"Art. 432. No officer of this State or any
officer of any district, county, city precinct,
school district, or other municipal subdivision of
this State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created by
or under authority of any general or special law
of this State, or any member of the Legislature
shall appoint, or vote for, or confirm the appoint-
ment to any office, position, clerkship, employment
or duty, of any person related within the second
degree by affinity or within the third degree by
consanguinity to the person so appointing or so
voting, or to any other member of any such board,
the Legislature, or court of which such person so
appointing or voting may be a member, when the sal-
ary, fees, or compensation of such appointee is to
be paid for, directly or indirectly, out of or from
public funds or fees of office of any kind or char-
acter whatsoever.

"Art. 433. The inhibitions set forth in this
law shall apply to and include the Governor, Lieute-
nant Governor, Speaker of the House of Representa-
tives, Railroad Commissioners, head of departments
of the State government, judges and members of any
and all Boards and courts established by or under
the authority of any general or special law of this
State, members of the Legislature, mayors, commis-
sioners, recorders, aldermen and members of school

Hon. T. K. Trimble - page 5

boards of incorporated cities and towns, public schools trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries. This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions.

"Art. 435. No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

The opinion of the Attorney General to which you refer in your letter was written on September 15, 1936, by Hon. Joe J. Alsup, addressed to Mr. W. E. James, First Assistant State Superintendent, in regard to the Nepotism statute, and this opinion held in effect that before a person is subject to the penalties of the law, he must first have been illegally employed under Article 432 before 435 is applicable, and that a bus driver, who was employed by the County Board of Trustees, does not come within the inhibition of Article 432, since he is not ineligible under Article 432 of the Penal Code. We think that this opinion correctly answers the questions that were submitted to the department in that the local school board did not appoint or vote for, or confirm the appointment, or employ the bus driver, but the bus driver was employed by the County Board. However, under the Articles of the Penal Code above quoted, the Board of Trustees of any school district would not have the right or authority to employ bus drivers who are related within the prohibited degree to members of the Board of Trustees of the school district employing such drivers.

In construing Section 10 of H. B. 933, supra, and Article 2687a together, you are respectfully advised that it is the opinion of this department that your first question should be answered in the affirmative. You are further advised that it is our opinion that questions Nos. 2 and 3 should be answered in the negative.

Hon. T. M. Trimble - page 6

      Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Ardell Williams*

Ardell Williams

Assistant

AW-HR

**APPROVED**
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN

APPROVED AUG 18, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS